UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CURRENT AREA RESIDENTS EAST OF THE RIVER, *et al.*;

    Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civ. Action No. 18-872 (EGS)

**ORDER**

Plaintiffs, two community-based nonprofit advocacy organizations and ten individuals who currently live or formerly lived in certain neighborhoods in the District of Columbia, filed suit against Defendants the District of Columbia and the District of Columbia Housing Authority on April 13, 2018, alleging that Defendants "violated the District's laws governing zoning and land use in order to gentrify certain historically African-American neighborhoods in the city, thereby effecting a pattern and practice of racial discrimination against African-Americans." R. & R., ECF No. 50 at 1.[1] On June 25, 2018, the District of Columbia and the District of Columbia Housing Authority each filed motions to dismiss Plaintiffs' amended complaint. *See* D.C.H.A. Mot. Dismiss Am. Compl., ECF No. 26;

---

[1] When citing electronic filings throughout this Order, the Court cites to the ECF page number, not the page number of the filed document.

D.C. Mot. Dismiss Am. Compl., ECF No. 27. The Court referred this case to a randomly assigned magistrate judge for a Report and Recommendation on Defendants' pending motions to dismiss pursuant to Local Civil Rule 72.3, and stayed the proceedings pending receipt of the magistrate judge's decision. *See* Min. Orders (Dec. 4, 2018).

Magistrate Judge Harvey issued a Report and Recommendation regarding both motions on April 30, 2020. *See* R. & R., ECF No. 50. On May 14, 2020, this Court granted Plaintiffs' request to extend the amount of time to file objections to Magistrate Judge Harvey's Report and Recommendation until June 29, 2020. *See* Min. Order (May 14, 2020). However, on that date, Plaintiffs did not file objections to the Report and Recommendation, but rather filed a motion for leave to file a second amended complaint to cure the deficiencies identified by Magistrate Judge Harvey. *See* Mot. Leave File Second Am. Compl., ECF No. 55.

Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend a complaint, *inter alia*, within 21 days of the defendant's service of a motion to dismiss pursuant to Rule 12(b), (e) or (f). The Advisory Committee Notes to the 2009 Amendment explain the purpose of this rule:

> This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need [for the Court] to decide the motion or reduce the

> number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

Paragraph 8(a) of the Standing Order governing civil cases before the Court cites this rule and its purpose, and directs plaintiffs to carefully consider the arguments raised in a motion to dismiss and correct defects through an amended complaint as allowed under Rule 15(a). *See* Standing Order, ECF No. 9. Here, however, Plaintiffs chose to oppose the motion on the merits rather than amend the complaint. "When a plaintiff elects to oppose a motion to dismiss on the merits, the plaintiff assumes the risk that the court will grant the motion and the plaintiff's claims will be dismissed. A plaintiff is not entitled simply to have its proverbial cake and eat it too by first opposing a motion to dismiss on the merits (thereby forcing the Court to resolve the motion to dismiss), and then, upon losing the motion, amend its complaint to correct the very deficiencies it refused to acknowledge previously." *Nat'l Sec. Counselors v. C.I.A.*, 960 F. Supp. 2d 101, 135 n.11 (D.D.C. 2013).

Once a Magistrate Judge has issued a Report and Recommendation, the parties must file proper objections to obtain de novo review of the recommendations by a District Court. L. Civ. R. 72.3(c) ("A district judge shall make a de

3

novo determination of those portions of a magistrate judge's findings and recommendations to which objection is [properly] made . . . ."). The Report and Recommendation provided the following notice to the parties informing them of the deadline for filing objections and of ramifications of failing to file objections:

> The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

R. & R., ECF No. 50 at 124.

    The Court has carefully reviewed the Report and Recommendation and, having received no objections to the Report and Recommendation pursuant to Local Civil Rule 72.3(b), accepts the findings and adopts the recommendations of Magistrate Judge Harvey contained in the Report and Recommendation. Accordingly, it is hereby

4

**ORDERED** that the District of Columbia Housing Authority's Motion to Dismiss, ECF No. 26, is **GRANTED**; it is further

**ORDERED** that the District of Columbia's Motion to Dismiss, ECF No. 27, is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint is **DISMISSED**.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**March 5, 2021**